## EMPLOYEE RELIEVED FROM HIS AGREEMENT BY HIS WRONGFUL DISCHARGE.

Circuit Court of Cuyahoga County.

THE JEWEL TEA COMPANY v. WM. J. WILSON.

Decided, June 18, 1912.

*Agreement Not to Engage in Business—Employee Wrongfully Discharged—Agreement Not Enforced.*

Where an employee under agreement not to engage in the same business in the same city for one year after leaving his employment, is wrongfully discharged by his employer, his agreement will not be enforced against him.

*White, Johnson & Cannon,* for plaintiff.
*H. C. Boyd,* contra.

METCALFE, J. (sitting in place of Winch, J.) ; MARVIN, J., and NIMAN, J., concur.

The plaintiff and defendant entered into a written contract, by the terms of which the defendant became the employee of the plaintiff for the sale of teas and coffees, etc. The contract was entered into on the 19th day of August, 1911, and about the 13th of January, 1912, the employment was terminated, and the defendant entered into the employment of the Grand Union Tea Company, which is said to be a rival concern.

The contract between the parties contained the following stipulation:

"The party of the second part further agrees as a condition precedent he will not engage for himself or any other person or company in the tea and coffee business, nor offer for sale any teas, coffees, etc., during the life of this contract, nor during a period of twelve months after leaving the employ of the first party for any cause, whether before or after the termination of this contract, in the city of Cleveland, Ohio."

By virtue of this provision the plaintiff seeks by injunction to prevent the defendant from continuing in the employ of the Grand Union Tea Company, and from selling teas and coffees and other products dealt in by the plaintiff.

The defendant claims that he was wrongfully discharged from the employment of the plaintiff, and for that reason is not bound by the clause above quoted. He also claims that he has not in any way violated the terms of the contract by disclosing any of the trade secrets acquired by him while in the plaintiff's employment or by dealing with any of the plaintiff's customers.

So far as this is concerned, that is to say, whether the defendant has or has not disclosed the trade secrets of the plaintiff, or dealt with any of the plaintiff's customers, we think that is immaterial. The contract binds him for a period of one year not to engage for himself or others in the tea and coffee business after leaving the employ of the plaintiff within the city of Cleveland, Ohio. That such a contract is binding upon the parties and will be enforced, is too well established to require discussion.

And it is equally well settled that such a contract must be construed reasonably and can not be used oppressively, or extended beyond its plain terms. See the authorities above cited and other Ohio cases.

The defendant in this case claims that he was wrongfully discharged. It appears that he was called into the office of the company by the manager and informed that his services would no longer be needed.

There is a provision in the contract allowing either party to terminate it upon giving two weeks' notice to the other. Mr. Wilson inquired if he would be permitted to have two weeks' notice, and was informed that he would. The following week when he came to the office, he had made no report for the week; the manager inquired why he did not do so, and was informed that he had been sick. The manager refused to accept his explanation and immediately discharged him.

He testifies, however, that he offered to continue Wilson in the employment of the company on commission but not on a salary.

The evidence of Wilson is undisputed as to the fact of his sickness during the week, and the action of the manager in discharging him immediately seems to have been rather hasty and ill-considered, and suggests the idea that he was seeking an opportunity to discharge Wilson from the employment, so we are inclined to think that the evidence in this case is insufficient to show that the defendant was rightfully discharged, or rather, that he was discharged for sufficient cause under this contract.

We think it would be both oppressive and unreasonable that an employer should discharge an employee without cause and at the same time hold the employee to the literal terms of the contract, and for that reason a decree in this case will be for the defendant.